**Hong WANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70291.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2004.*

Decided Aug. 31, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Arthur J. Liu, Inter–Pacific Law Group, Inc., Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert D. McCallum, Jr., John L. Davis, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Petitioner Hong Wang appeals the order of the Bureau of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ") that denied her application for asylum, withholding of removal, and relief under the UN Convention against Torture ("Torture Convention"). The IJ rejected Wang's claims on the basis that Wang did not provide credible testimony. We affirm the IJ's adverse credibility finding, and in the alternative, affirm on the grounds that Wang failed to carry her burden of proof on either her asylum or Torture Convention claims.

We review findings of adverse credibility under the substantial evidence standard. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We accord "substantial deference to an IJ's credibility finding," *Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003), but such a finding "must be supported by a specific, cogent reason." *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997) (citing *Berroteran–Melendez*, 955 F.2d 1251, 1256 (9th Cir.1992)). Not all of the reasons provided by the IJ support her adverse credibility finding. However, the IJ had cogent rea-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sons for questioning Wang's credibility. Until pressed to explain stamps in her passport, Wang did not admit to visiting the American consulate twice. Wang also gave conflicting, incoherent testimony that undercut her claims that she was knowledgeable about, and a faithful practitioner of, Zhong Gong. *See Mejia Paiz v. INS,* 111 F.3d 720, 723–24 (9th Cir.1997).

Wang provided no corroborating evidence to support her allegations of persecution. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000) ("[W]here the IJ has reason to question the applicant's credibility," a reviewing court will affirm an adverse credibility determination where the applicant fails to provide "material, easily available corroborating evidence and provides no credible explanation for the failure."). "Easily available" medical records supporting her claims about her poor health, or police records of her arrest and bail conditions would have helped make her testimony more credible. *Cf. Salaam v. INS,* 229 F.3d 1234, 1239 (9th Cir.2000) (finding that corroborating documents were not "easily available" to an applicant who fled his country in such haste that he had time to gather only some clothes and a few books). We have no reason to reverse the IJ's adverse credibility determination.

■ Even accepting Wang's testimony as credible, the BIA's order must be affirmed because Wang fails to meet her burden of proof to establish that she is eligible for asylum or relief under the Torture Convention. Wang cannot establish that she suffered past persecution or that she has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Prasad v. INS,* 101 F.3d 614, 617 (9th Cir.1996) (citing 8 U.S.C. § 1101(a)(42)(A)). Her single arrest and

detention, and the physical abuse she endured, does not rise to the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (finding that a beating, combined with threats, other harassment, and a police summons for a questioning, did not constitute persecution). Although Wang may truly fear future persecution, she fails to establish that her fear is "objectively reasonable." *Singh v. INS,* 134 F.3d 962, 966 (9th Cir. 1998) (citation omitted). There is no "credible, direct, and specific evidence in the record that would support a reasonable fear of persecution." *Id.* (internal citation and punctuation omitted).

Nor does Wang demonstrate that "it is more likely than not that ... she would be tortured if removed to" China. 8 C.F.R. § 208.18(a)(3); *Al–Saher v. INS,* 268 F.3d 1143, 1147 (9th Cir.2001).

AFFIRMED.